Eric J. MOORE, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 4:CV943364.

United States District Court,
D. Nebraska.

Dec. 7, 1994.

Magistrate Judge Piester and affirmed by District Judge Kopf. That detention order was not appealed to the Eighth Circuit Court of Appeals, but the defendant now seeks release from custody by an application for a writ of habeas corpus under 28 U.S.C. § 2241. Magistrate Judge Piester has recommended dismissal of the application without prejudice.

The analysis of the magistrate judge in his memorandum and order of November 21, 1994, filing 3, is essentially correct. The applicant had the perfect remedy for attacking his detention by appealing Judge Kopf's affirmance of the magistrate judge's detention order to the Eighth Circuit Court of Appeals, but did not do so. That failure is fatal to his attempt now to achieve the same end by another route.

IT IS ORDERED that the objection to the magistrate judge's memorandum and order, filing 4, is denied.

## MEMORANDUM AND ORDER

PIESTER, United States Magistrate Judge.

Petitioner, a federal pretrial detainee incarcerated in the Lancaster County Jail, has filed an emergency petition for writ of habeas corpus. Liberally construing the allegations of the petition, *Carlson v. State of Minnesota*, 945 F.2d 1026, 1029 (8th Cir. 1991) (pro se petitions are to be liberally construed in favor of petitioner), I conclude that petitioner is not entitled to habeas relief. I shall therefore recommend that the petition be denied.

Eric J. Moore, pro se.

MEMORANDUM AND ORDER ON OBJECTION TO MAGISTRATE JUDGE'S MEMORANDUM AND ORDER

URBOM, Senior District Judge.

Eric J. Moore, a federal pretrial detainee, is in custody under an order of detention by

## ALLEGATIONS

Petitioner asserts that he is in federal custody pursuant to a defective criminal indictment. Petitioner alleges that the indictment issued against him in *U.S. v. Moore*, 4:CR93–3035, was defective in that it was based primarily on evidence obtained by means of an unlawful wiretap placed on petitioner's telephone by the Lincoln Police Department. Petitioner alleges that he was not

given an opportunity to move for suppression of the wiretap evidence prior to issuance of the indictment. Petitioner seeks release from custody.

## DISCUSSION

■ The initial question to be resolved in this matter is whether habeas corpus review is even available to federal pretrial detainees. Generally the proper course of action for a defendant in federal custody seeking habeas relief is to file a motion pursuant to 28 U.S.C. § 2255. However such a motion is not properly filed until the defendant has been convicted and sentenced. As the petitioner in this case has not been convicted or sentenced, he may not seek section 2255 relief.[1]

■ Petitioner asserts that 28 U.S.C. § 2241 provides a basis for habeas review of his claims. Section 2241 has been recognized as a potential source of habeas review for *state* pretrial detainees. *Palmer v. Clarke,* 961 F.2d 771 (8th Cir.1992); *Atkins v. Michigan,* 644 F.2d 543 (6th Cir.1981); *Dickerson v. Louisiana,* 816 F.2d 220, 224–26 (5th Cir.), *cert. denied,* 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987); *see also Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 489–90, 93 S.Ct. 1123, 1126–27, 35 L.Ed.2d 443 (1973). Before a court will review the claims of a state pretrial detainee under section 2241, however, two requirements must be satisfied. First, the petitioner must be "in custody." 28 U.S.C. § 2241(c); *Dickerson,* 816 F.2d at 224. Second, the petitioner must have exhausted his available state remedies. *Dickerson,* 816 F.2d at 224. In relation to

the exhaustion requirement, a federal court is obligated to:

"[A]bstain from the exercise of [habeas] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."

*Id.* at 225.

■ The exhaustion requirement differs depending on the nature of the habeas claims raised by the petitioner. *Id.* at 226. Where the petitioner's claims, if successful, would be dispositive of the pending state criminal charges, the claims may be exhausted only by presentment at the upcoming criminal trial in state court. *See id.* Included in this category are claims which would provide an affirmative defense to the criminal charges, *Braden,* 410 U.S. at 489, 93 S.Ct. at 1126, and claims which would "abort a state proceeding," "dismiss an indictment," or "prevent a prosecution." *Brown v. Estelle,* 530 F.2d 1280, 1283 (5th Cir.1976); *Atkins,* 644 F.2d at 546–47.[2] The practical effect of this exhaustion requirement is that habeas review of dispositive claims is not attainable prior to the state trial.[3]

■ By contrast where the petitioner's claims would not be dispositive of the state criminal charges, the claims may be exhausted by pretrial presentment to the state court. An example from this category is a claim seeking a speedy state court trial. *See Braden,* 410 U.S. at 491, 93 S.Ct. at 1127–28; *Atkins,* 644 F.2d at 547; *U.S. v. Castor,* 937 F.2d 293, 297 (7th Cir.1991). Such a claim, if successful, does not dispose of the state criminal charges.[4] As such a federal court will

---

1. I note that petitioner did, in fact, file a motion seeking relief pursuant to section 2255 (4:CR93–3035, filing 266). I recommended that the motion be denied as premature, *Id.* at filing 267, and the Honorable Richard G. Kopf adopted my recommendation. *Id.* at filing 272.

2. One notable exception to this general rule is a claim that the impending state trial will violate the double jeopardy clause. A double jeopardy claim, if successful, would clearly be dispositive of the state criminal charges. However a habeas petitioner raising such a claim in federal court is not required to present it at the actual state trial to satisfy the exhaustion requirement. Mere pretrial presentment in state court is sufficient. *See Palmer v. Clarke,* 961 F.2d 771 (8th Cir.1992);

*Justices of Boston Municipal Court v. Lydon,* 466 U.S. 294, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984).

3. I note, however, that federal courts will review such claims prior to trial if the petitioner can demonstrate "special circumstances." The Supreme Court stated in *Braden* "that federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." 410 U.S. at 489, 93 S.Ct. at 1126.

4. Where, however, the petitioner seeks to dismiss the state criminal charges on grounds that he was not afforded a speedy trial, such a claim is

review the claim prior to trial provided it was first presented to the state court. *Braden,* 410 U.S. at 491, 93 S.Ct. at 1127–28.

■ The rationale for distinguishing between dispositive and non-dispositive claims is rooted in notions of federalism and comity. *See Braden,* 410 U.S. at 490–91, 93 S.Ct. at 1127–28; *Dickerson,* 816 F.2d at 225; *see also Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Where pretrial federal review of a habeas claim will deprive the state court of its ability to adjudicate the criminal charge, federalism requires the federal court to decline review. Where pretrial federal review will not deprive the state court of jurisdiction over the criminal charge, federalism principles are not offended by such review, provided the state court is still given the initial opportunity to rule on the matter.

■ The foregoing discussion details the analytical framework to be applied where state pretrial detainees seek relief pursuant to 2241. A similar analysis is applicable where federal pretrial detainees seek section 2241 relief. First, as in the state pretrial detainee cases, the petitioner must be "in custody." 28 U.S.C. § 2241(c); *see Dickerson,* 816 F.2d at 224. The petitioner in this case clearly satisfies the "in custody" requirement as he is detained at the Lancaster County Jail pursuant to a detention order from this court.

■ Second, the petitioner must have exhausted other available remedies. *See U.S. v. Pipito,* 861 F.2d 1006 (7th Cir.1987); *Fassler v. United States,* 858 F.2d 1016, 1018 (5th Cir.1988). In *Pipito,* the Seventh Circuit held that the district court had properly refused to entertain the section 2241 habeas petition of a federal pretrial detainee. The court reasoned that the petitioner should have sought review of his detention order pursuant to 18 U.S.C. § 3145 as opposed to seeking habeas relief. Similarly the Fifth Circuit in *Fassler* held that for federal pretrial detainees, appeal under section 3145 is strongly preferred to a section 2241 habeas

action. The court in *Fassler,* however, "decline[d] to hold that § 3145 provides the *exclusive* means by which a person under indictment can challenge his pretrial detention." *Id.* (emphasis in original). *Pipito* and *Fassler* thus make it clear that one remedy which should be exhausted by a federal pretrial detainee prior to filing a habeas petition under section 2241 is a motion for review of the detention order pursuant to section 3145. That section provides in part:

> **(b) Review of a detention order.**—If a person is ordered detained by a magistrate, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.
>
> **(c) Appeal from a release or detention order.**—An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3142(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(b)–(c).

In this case it does not appear that petitioner has exhausted his remedies under section 3145. On July 1, 1994, I issued the detention order under which petitioner in this case is currently detained. (4:CR93–3035, filing 247). Petitioner did, in fact, seek review of the detention order by a district judge pursuant to section 3145(b). *Id.* at filing 251. The Honorable Richard G. Kopf affirmed the detention order on September 14, 1994. *Id.* at filing 257. Petitioner could have then appealed Judge Kopf's decision to the Eighth Circuit Court of Appeals pursu-

dispositive and may only be exhausted by presentment at the state trial. *Dickerson,* 816 F.2d at

226.

ant to section 3145(c) and Rule 9 of the Federal Rules of Appellate Procedure. *See United States v. Sazenski,* 806 F.2d 846 (8th Cir.1986); *United States v. Maull,* 773 F.2d 1479 (8th Cir.1985); *United States v. Perdomo,* 765 F.2d 942 (9th Cir.1985). He failed to do so, however, and the 10–day time limit for appealing criminal orders has since expired. *See* Rule 4(b) of the Federal Rules of Appellate Procedure. Therefore petitioner did not properly exhaust all remedies available to him under section 3145.

Even assuming petitioner had exhausted his section 3145 remedies through an appeal to the Eighth Circuit, there is an additional exhaustion requirement due to the nature of petitioner's claim. As noted above, where a state pretrial detainee raises claims which would be dispositive of the underlying criminal charges, federalism principles dictate that the federal court decline review until the petitioner has exhausted the claims at the upcoming criminal trial. *Braden,* 410 U.S. at 489, 93 S.Ct. at 1126; *Dickerson,* 816 F.2d at 225–26. Important considerations of federal court efficiency and administration require that the same rule be applied where a federal pretrial detainee raises habeas claims which would be dispositive of the underlying criminal charges.

One consideration is the potential for "judge shopping" where one judge is assigned to handle the criminal trial and a second judge is assigned to handle the civil habeas petition.[5] A petitioner could seek to avoid the assigned trial judge, and any ruling he or she may make on the issue at trial, by merely filing a habeas petition raising the same issue. Were the second judge to entertain the petition and grant habeas relief, the pending criminal trial would be disposed of, and the petitioner would have effectively circumvented the assigned trial judge.

Similarly, a petitioner could use section 2241 to avoid the ruling of an appellate court or to cause duplicitous litigation. The case at hand provides an example of these possibilities. Petitioner filed a pretrial motion to suppress evidence challenging the legality of the aforementioned wiretap. (4:CR93–3035, filing 114). This court determined the wiretap to be unlawful and thus granted petitioner's motion to suppress. (*Id.* at filing 167). The United States appealed this court's decision to the Eighth Circuit. That appeal is currently pending. Petitioner then filed this habeas action challenging the legality of the wiretap. As this court has already ruled on the wiretap issue, entertaining a habeas petition raising the same issue would allow for duplicitous litigation. Moreover, were this court to grant habeas relief, the Eighth Circuit could be deprived of an opportunity to rule on the matter.[6]

■■■ Thus where habeas claims raised by a pretrial detainee would be dispositive of the pending federal criminal charges, principles of federal court efficiency require that the petitioner exhaust those claims by presenting them at trial and then on direct appeal. In this case petitioner seeks to dismiss his criminal indictment. Such a claim, if successful, would be dispositive of the underlying federal criminal charges. *See Atkins,* 644 F.2d at 546–47. Thus petitioner's claim may be exhausted only by raising it at the pending criminal trial and then on direct appeal. Accordingly I conclude that section 2241 relief is not available to petitioner at this time. I shall therefore recommend that the petition be denied.

**IT THEREFORE HEREBY IS RECOMMENDED** to the Honorable Warren K. Urbom, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b), that this matter be dismissed, without prejudice.

The petitioner is hereby notified that unless objection is made within ten days after being served with a copy of this recommendation, he may be held to have waived any right he may have to appeal the court's order adopting this recommendation.

Dated November 21, 1994.

---

5. In this matter the criminal case is assigned to Judge Kopf while this habeas case is assigned to the Honorable Warren K. Urbom.

6. I say "could" because the respondent would have the opportunity to appeal an order granting habeas relief. In that case, the Eighth Circuit would ultimately rule on the matter.