Edward L. KOTMAIR, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 5:99–HC–488–BO.

United States District Court, E.D. North Carolina, Western Division.

April 19, 2001.

Edward L. Kotmair, Cumberland, MD, Pro se.

## ORDER

BOYLE, Chief Judge.

This matter is before the Court on the Government's Motion to Dismiss. The underlying action is a Petition for Habeas Corpus, filed pro se, pursuant to 28 U.S.C. § 2255. For the following reasons, Respondent's motion is GRANTED and Kotmair's petition for habeas corpus is denied and dismissed.

## BACKGROUND

On February 21, 1997, Respondent filed a criminal information that charged Petitioner with three counts of willful failure to file an income tax return, in violation of 26 U.S.C. § 7203. On or about February 21, 1997, an arrest warrant was issued for Petitioner. On September 11, 1998, Petitioner was arrested in the District of Maryland and, on September 18, 1998, he made an initial appearance before a magistrate judge. Petitioner was placed on pretrial release under conditions that were violated on December 7, 1998 when Petitioner tested positive for cocaine. On January 4, 1999, Petitioner's attorney requested a three-month continuance of his arraignment and trial date, which was granted by the Court.

Both Petitioner and Respondent subsequently requested another continuance of Petitioner's arraignment and trial, which was granted by the Court on April 1, 1999. On April 15, 1999, the Court granted Re-spondent's Motion to Set Conditions of Release. However, by early June, Petitioner had violated his conditions and an arrest warrant was issued. Petitioner was back in custody when he filed the instant Petition on July 30, 1999. Beginning on September 7, 1999, Petitioner was arraigned, entered a plea of not guilty to the three charges, and was tried by a jury. On September 9, 1999, the jury found Petitioner guilty on all three counts.

## DISCUSSION

A Motion to Dismiss should be granted when "it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Id.*

Petitioner claims that he is qualified to seek relief under 28 U.S.C. § 2241 because he was "in custody" of the United States at the time of the filing of his Petition. Petitioner claims entitlement to relief based upon alleged violations of the Speedy Trial Act (the "Act"), 18 U.S.C. § 3161, *et seq.* The Speedy Trial Act provides that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information . . . . shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer . . . whichever date last occurs." 18 U.S.C. § 3161(c)(1). In addition, under 18 U.S.C. § 3162(a)(2), "[i]f a defendant is not brought to trial within [seventy days] the information or indictment shall be dismissed on motion of the defendant." Moreover, failure to move to dismiss under the Act prior to trial shall constitute a

waiver of a right to dismissal under Section 3162(a)(2).

In this case, Petitioner never made a pre-trial motion to dismiss on the basis of the alleged violation of the Act. Instead, Petitioner commenced a separate civil action by filing a petition for habeas corpus relief, alleging that his detention violated the Speedy Trial Act. Without reaching the merits of his claim, this Court must dismiss his petition because Kotmair has sought an inappropriate remedy. Moreover, as a result of his failing to object in appropriate manner to the trial court, Petitioner has been subsequently convicted and his habeas petition has been rendered moot. .

In *Fassler v. U.S.*, 858 F.2d 1016 (5th Cir.1988), the habeas petitioner, Fassler, sought relief from a pretrial detention order. Instead of appealing his detention order under the procedure provided for by 18 U.S.C. § 3145, however, he filed a separate habeas petition seeking release from detention. Subsequent to his filing the petition, Fassler was found guilty of the pending criminal charges. The district court did not rule on the petition until after his conviction, at which point the court dismissed the petition as moot. The Fifth Circuit upheld the district court's dismissal of his petition on the basis that Fassler had "bypassed the expedited appeal procedure" by filing the petition and, because he had been found guilty in the interim, "[wa]s now ... legally in federal custody, [making] ... his request for release from pretrial confinement ... moot." *See Fassler v. U.S.*, 858 F.2d at 1018.

Principles of judicial economy and efficiency weigh against allowing federal defendants to file separate habeas petitions where an appropriate remedy is available with the trial court. Allowing this sort of "dual" litigation would encourage defendants to "judge shop" and to "seek to avoid the assigned trial judge, and any ruling he or she may make on the issue at trial, by merely filing a habeas petition raising the same issue ... [and] effectively circumvent[ing] the assigned trial judge ...". *See Moore v. U.S.*, 875 F.Supp. 620, 624 (D.Neb.1994). Therefore, "where habeas claims raised by a pretrial detainee would be dispositive of the pending federal criminal charges, principles of federal court efficiency require that the petitioner exhaust those claims by presenting them at trial and then on direct appeal." *Id.*

In this case, Petitioner's grievances should have been addressed upon pre-trial motion to the trial court, as provided for under the Speedy Trial Act. *See* 18 U.S.C. § 3162(a)(2) (stating that, if it violates the Act, "the information ... shall be dismissed on motion of the defendant"). If Petitioner had filed such a motion, the Court would have resolved Petitioner's claim in an efficient manner, prior to trial. Moreover, if Petitioner's motion to dismiss under the Speedy Trial Act had been successful, it would have been dispositive of the criminal charges against him.[1] Instead, Petitioner failed to exhaust the remedy that was most appropriate and was available to him prior to trial.

Specifically, Kotmair entered his objection under the Speedy Trial Act by filing a separate civil action in the form of a habeas corpus petition. While Petitioner's criminal charges were pending in this Court, Petitioner's separate habeas claim was assigned to another judge who was not affiliated with the criminal action. This Court, the trial court, was unable to consider Petitioner's habeas petition until

---

**1.** If Petitioner had filed a motion to dismiss under the Act and this Court had found a violation of the Speedy Trial Act, the Court would have dismissed the criminal information with or without prejudice. *See* 18 U.S.C. § 3162(a)(2).

it was transferred here on November 18, 1999. Meanwhile, on September 9, 1999, Petitioner had been convicted by a jury and sentenced accordingly. As a result of his own attempt to circumvent the Speedy Trial Act's procedural requirements, therefore, Petitioner was convicted prior to the Court's considering his Speedy Trial Act objection. In so doing, Petitioner waived his right to the proper remedy available to him under the Speedy Trial Act violation, which is the dismissal of the criminal information.

Because Kotmair was found guilty by a jury and was appropriately sentenced, he is now legally in the custody of Respondent. Petitioner's habeas petition must therefore be denied as moot.

### CONCLUSION

For the above reasons, Respondent's Motion to dismiss is GRANTED and Kotmair's petition for a writ of habeas corpus is DISMISSED.

SO ORDERED.