**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 7 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ZEBEDEE E. HALL,

      Petitioner-Appellant,

v.

SAM PRATT, Warden; LESLIE
JONES, Jailer,

      Respondents-Appellees.

No. 03-1387

District of Colorado

(D.C. No. 03-Z-1110)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Circuit Judge, **McKAY** and **McCONNELL** , Circuit
Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is

therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This is an appeal from the denial of a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Zebedee Hall filed the petition as a federal pretrial detainee alleging violation of the Speedy Trial Act, his Sixth Amendment right to a speedy trial, and his Fifth Amendment due process rights. Because the record in this case is lacking, we take judicial notice of the docket in Mr. Hall's criminal case, *United States v. Small*, No. 01-CR-214-7 (D. Colo. filed June 7, 2001). Though he originally sought pretrial release, trial within 30 days, and/or dismissal of his indictment, Mr. Hall has since been tried and convicted, *see* Docket Entry Nos. 1595, 2504, 2674, 2842, *Small* (No. 01-CR-214-7), and on appeal seeks only dismissal of his indictment. [1] Because we agree with the district court that Mr. Hall failed to exhaust his other remedies, we affirm its denial of Mr. Hall's petition. Though the government filed no brief in this appeal, this Court may raise the issue of exhaustion sua sponte. *See Steele v. Young*, 11 F.3d 1518, 1523 n.10 (10th Cir. 1993); *cf. Gonzalez v. McKune*, 279 F.3d 922, 926 (10th Cir. 2002) (en banc) (describing sua sponte consideration of exhaustion as unusual but not impossible).

To be eligible for habeas corpus relief under § 2241, a federal pretrial detainee generally must exhaust other available remedies. *See Fassler v. United*

---

[1] Mr. Hall correctly omitted requests for pretrial release and trial within 30 days from his appeal as his trial and conviction render these requests moot. *See, e.g., Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988).

*States*, 858 F.2d 1016, 1018 (5th Cir. 1988); *United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987); *Moore v. United States*, 875 F. Supp. 620, 623 (D. Neb. 1994). The reasons for this requirement are rooted not in comity (as is the case with state prisoners), but in concerns for judicial economy. Allowing federal prisoners to bring claims in habeas proceedings that they have not yet, but still could, bring in the trial court, would result in needless duplication of judicial work and would encourage "judge shopping." Mr. Hall's petition presents precisely these dangers, as the trial court had no opportunity to rule on the issues Mr. Hall raises.

Mr. Hall brings his petition on essentially three grounds: First, that the length of his pretrial detention amounted to a violation of the Speedy Trial Act; second, that his detention violated his Fifth and Sixth Amendment rights to a speedy trial; and third, that the indictment pursuant to which he was being held was forged, in violation of his Fifth Amendment due process rights. [2] At the time the district court ruled on Mr. Hall's petition, Mr. Hall was still free to bring each

---

[2]Specifically, Mr. Hall reasons: (1) that David R. Haus was the "alleged" foreperson of the grand jury, (2) that because a Motor Vehicle Department search for David R. Haus returned no record, Mr. Haus does not exist, and therefore (3) his indictment must have been forged. *See* Pet. Br. & Ex. B.

of these issues before the trial court. [3] The district court therefore properly found that he had failed to exhaust his available remedies.

First, Mr. Hall failed to file a motion in the trial court, pursuant to 18 U.S.C. § 3162(a)(2), alleging violation of the Speedy Trial Act. He could have done so up until his trial, 18 U.S.C. §3162(a)(2), and so the district court correctly determined that he failed to exhaust his available remedies on this ground.

Second, in the criminal proceeding Mr. Hall failed to challenge his pretrial confinement as violating his Fifth and Sixth Amendment rights, though he was free to do so. Mr. Hall once attempted to file such a motion, but it was stricken because he filed the motion pro se while he was being represented by counsel. *See* Docket Entry Nos. 1933, 1950, *Small* (No. 01-CR-214-7). Mr. Hall never re-filed the motion, though he did re-file other motions that were stricken at the same time. *See* Docket Entry Nos. 1935 (motion), 1950 (stricken), 2081 (refiled), *Small* (No. 01-CR-214-7). Mr. Hall could have raised these issues as a defense at any point up to, and including, at trial. *See, e.g.*, *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488-89 & n.4. (1973).

---

[3]We do not reach the question of whether Mr. Hall's failure to exhaust only one of his claims would still require dismissal of his petition under *Rose v. Lundy*, 455 U.S. 509, 510 (1982) (generally requiring dismissal of "mixed" petitions containing both exhausted and unexhausted claims), because he has failed to exhaust any of his three claims.

Third, though Mr. Hall challenged the sufficiency of his indictment on a variety of grounds, *see, e.g.*, Docket Entry No. 2081, *Small* (No. 01-CR-214-7) ("Motion to dismiss indictment against defendant(s) Zebedee Hall based on failure of US Atty to take and file required oath of office"), it does not appear from the record or the docket (and Mr. Hall provides no reason for believing) that he ever challenged the sufficiency of his indictment on the basis that it was forged. In sum, the district court correctly determined that Mr. Hall's failure to pursue and exhaust the available remedies in the trial court precluded granting habeas relief under § 2241.

The judgment of the district court is therefore AFFIRMED. The motion to proceed *in forma pauperis* is DENIED.

Entered for the Court,


Michael W. McConnell
Circuit Judge