**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 14 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TIMOTHY CHANDLER,

      Petitioner-Appellant,

v.

SAM PRATT, Warden,

      Respondent-Appellee.

No. 03-1286
(D.C. No. 03-Z-922)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

After examining petitioner's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

While a pretrial detainee at the Federal Detention Center in Englewood, Colorado, petitioner filed a pro se habeas petition under 28 U.S.C. § 2241

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

claiming his Fifth Amendment rights were being violated because 1) he had been detained for over twenty-three months without a trial date having been set and 2) the superceding indictment was signed by David R. Haus as foreperson of the grand jury, but an independent investigation revealed no record of anyone by that name living in the state of Colorado. The district court dismissed the petition without prejudice for failure to exhaust available remedies.

The court noted that if petitioner desired to challenge his pretrial detention, he should do so by filing a motion in his criminal case under 18 U.S.C. § 3145, and that if he wanted to challenge a violation of his speedy trial rights, he should do so by filing a motion in his criminal case under 18 U.S.C. § 3162(a)(2). The court further noted that petitioner's counsel had, in fact, filed a motion in the criminal case challenging petitioner's pretrial detention and the alleged violation of his speedy trial rights, and the motion was still pending. The district court docket sheet for the criminal action also shows that petitioner's counsel had filed a motion seeking dismissal of the superceding indictment due to alleged grand jury abuse. This motion also was still pending when the district court here entered its order.

Petitioner now appeals [1] and seeks leave to proceed on appeal *in forma pauperis*. The district court denied petitioner's request to proceed on appeal *in forma pauperis* because it determined that this appeal was frivolous. We agree.

To be eligible for habeas corpus relief under § 2241, a federal pretrial detainee usually must exhaust other available remedies. *Cf. Fassler v. United States*, 858 F.2d 1016, 1018-19 (5th Cir. 1988) (per curiam) (holding defendants cannot use § 2241 to challenge pretrial detention orders that can be challenged under 18 U.S.C. § 3145); *United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987) (same). Here, all the claims petitioner attempted to raise in his § 2241 petition should have been, and apparently were being, pursued in the criminal action. To allow petitioner to bring the same claims before another judge in a collateral proceeding would not only waste judicial resources, but would encourage judge shopping. The district court properly dismissed petitioner's claims without prejudice for failure to exhaust, and there was no arguable basis in law or fact for appealing that decision. [2]

---

[1] Because petitioner is a federal prisoner seeking relief under 28 U.S.C. § 2241, he does not have to obtain a certificate of appealability before he can pursue an appeal. *Hunnicutt v. Hawk*, 229 F.3d 997, 998 (10th Cir. 2000) (per curiam).

[2] In addition to the appeal being frivolous when filed, we note that petitioner has since entered into a plea agreement pursuant to which he has waived indictment and has pled guilty to a new one-count information. He is scheduled to be sentenced on May 11, 2004. Thus, it appears that all the claims he raised in

(continued...)

We therefore DENY petitioner's request to proceed *in forma pauperis* on appeal, and we DISMISS the appeal as frivolous.

Entered for the Court

Wade Brorby
Senior Circuit Judge

---

[2](...continued)
his § 2241 petition either are moot or have been waived.