

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-28-2008

# Whitmer v. Levi

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4823

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Whitmer v. Levi" (2008). *2008 Decisions*. Paper 1315.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1315

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-4823

———————

MICHAEL WESLEY WHITMER, II,
                                        Appellant

v.

TROY LEVI, WARDEN F.D.C.-PHILA.; U.S.
ATTORNEY GENERAL, (ACTING); JOHN CLARK,
DIRECTOR, U.S. MARSHAL'S SERVICE

———————————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-cv-04063)
District Judge:  Honorable Anita B. Brody

———————————————

Submitted Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

February 14, 2008

Before:  McKEE, RENDELL AND SMITH, Circuit Judges

(Filed: April 28, 2008)

———————

OPINION OF THE COURT

———————

PER CURIAM

According to the Superseding Indictment filed in his criminal case, United States

v. Whitmer, D.C. Crim. No. 07-cr-00464, appellant Michael Wesley Whitmer, II was arrested on January 22, 2007 for possession of a counterfeit travelers check, possession and use of a forged British passport, and identity theft. After his arrest, Whitmer was found trying to damage the skin on his fingertips in an attempt to obstruct an investigation into his criminal history, according to the government's motion for pretrial detention. A search of his fingerprints showed numerous arrests under different names from Florida to California, convictions for credit card fraud, forgery, grand theft and other offenses, and outstanding warrants.

Whitmer was indicted in United States District Court for the Eastern District of Pennsylvania under the name of "James Meads," an alias, on August 9, 2007, and transferred on August 14, 2007 from a state correctional facility to the Federal Detention Center in Philadelphia to await his arraignment and pretrial detention hearing. Counsel was appointed to represent him and the Magistrate Judge ordered him temporarily detained pending a hearing pursuant to the Bail Reform Act. On August 31, 2007, Whitmer filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 in his criminal case, challenging the court's jurisdiction and seeking his immediate release. It was denied by the Magistrate Judge.

Dissatisfied with that result, Whitmer initiated the instant civil action by filing another petition for writ of habeas corpus under 28 U.S.C. § 2241, again seeking his release from detention. The District Court Judge assigned to the criminal action also was

2

assigned to the civil action, and, in an order entered on December 17, 2007, she closed the civil action pending the outcome of the criminal case without prejudice to the rights of the parties. Whitmer appeals.

Meanwhile, the criminal case is proceeding toward trial. The government filed a Superseding Indictment identifying Whitmer, a/k/a James Mead, as the defendant and charging him with uttering and possessing a counterfeit security with intent to deceive in violation of 18 U.S.C. § 513(a), knowingly using a false, forged or counterfeit passport in violation of 8 U.S.C. § 1543, knowingly transferring a false identification document in violation of 8 U.S.C. § 1028(a)(2), and identity fraud in violation of 18 U.S.C. § 1028A. Defense counsel has moved for a continuance in order to prepare, and Whitmer has been ordered detained by the Magistrate Judge pending trial pursuant to 18 U.S.C. § 3142(f) and § 3142(e). If convicted, Whitmer faces a maximum sentence of 60 years imprisonment; he faces a two-year mandatory minimum sentence that will run consecutively to any sentence imposed.

We will summarily affirm the order of the District Court closing the case without prejudice to Whitmer's rights, because it clearly appears that no substantial question is presented by this appeal. See Third Circuit LAR 27.4 and I.O.P. 10.6. We have jurisdiction under 28 U.S.C. § 1291.[1] To state a claim for habeas relief, a petitioner must

---

[1] Although the District Court's order closing the case was without prejudice, it is unlikely that this case will ever be resurrected. If Whitmer is convicted, his remedy is a direct appeal of the judgment, or a collateral attack on the conviction and sentence under

allege that his detention violates the Constitution or a federal statute. 28 U.S.C. §
2241(c). However, the mere fact that the District Court had jurisdiction does not mean
that Whitmer sought an appropriate remedy for pretrial detention. Whitmer's claims
relating to pending criminal charges should have been raised in his criminal case, not in a
habeas petition under 28 U.S.C. § 2241. Where a defendant is awaiting trial, the
appropriate vehicle for violations of his constitutional rights are pretrial motions or the
expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c),
and not a habeas corpus petition. Adequate remedies were available in his criminal case,
and, therefore, Whitmer was not entitled to habeas corpus relief. See Government of the
Virgin Islands v. Bolones, 427 F.2d 1135, 1136 (1st Cir. 1970) (per curiam).

We will summarily affirm the District Court's order closing the habeas corpus civil
action. Appellant's motion for summary action, which we construe as a motion for
summary reversal, is denied.

---

28 U.S.C. § 2255. The order is thus reviewable now.