**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 6, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

ANTHONY CARLYLE THOMPSON,

  Petitioner - Appellant,

v.

JULIE A. ROBINSON,

  Respondent - Appellee.

No. 13-3327
(No. 5:13-CV-03209-RDR)
(D. Kan.)

---

### ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

---

This is an appeal from the dismissal of a petition for habeas corpus relief under 28 U.S.C. § 2241 and the denial of a subsequent motion for reconsideration. While awaiting trial on federal charges, Anthony Thompson filed the petition pro se alleging that the Kansas state judge, who presided over Thompson's dismissed state charges, had unconstitutionally (1) denied him counsel, (2) authorized search warrants and wiretaps, and (3) turned him over to federal jurisdiction. He requested dismissal of his federal

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Court Rule 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

criminal charges or, in the alternative, release pending trial. Thompson named the federal judge presiding in his ongoing criminal matter, Julie A. Robinson, as the respondent in his petition.[1] Federal District Judge Richard D. Rogers considered Thompson's petition and dismissed it, finding "no authority to enter an order in a case pending before another judicial officer." R. vol. 1, at 45. Judge Rogers instructed Thompson to present "a challenge to his present detention to the judicial officer presiding in the pending matter." *Id.* Instead, Thompson came to us with this appeal.

We have held that 28 U.S.C. § 2241 establishes limited jurisdiction in the federal district court to consider habeas corpus petitions filed by pretrial detainees. *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (considering a double jeopardy challenge in a § 2241 petition by a pretrial detainee). But "[t]o be eligible for habeas corpus relief under § 2241, a federal pretrial detainee generally must exhaust other available remedies." *See Halt v. Pratt*, 97 F. App'x 246, 247–48 (10th Cir. Apr. 7, 2004).

In Thompson's § 2241 petition, he contends that he is "currently incarcerated in pre-trial detention as a direct result of a Kansas District Court Judge violating [his] protected 6th amendment constitutional right to counsel." R. vol. 1, at 8. The Bail Reform Act, 18 U.S.C. § 3145, provides an avenue to challenge pretrial detention. Because Thompson has not exhausted this remedy, the district court rightly dismissed this claim. *See Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (defendants cannot use § 2241 to challenge pretrial detention orders that can be challenged under 18 U.S.C. § 3145).

---

[1] The Court takes judicial notice of the record in Thompson's criminal case in the District of Kansas, Case. No. 5:13-cr-40060-JAR-10. According to the docket, trial is set for October 28, 2014.

The other claims in Thompson's petition relate to his ongoing federal criminal case. He asserts a Kansas judge violated his Fourth Amendment rights by issuing unconstitutional search warrants and authorizing unconstitutional wiretaps. He also claims that the state of Kansas violated the Extradition Act and his Fifth Amendment due process rights by turning him over to federal jurisdiction. Because these claims relate to Thompson's pending federal case, our concern for judicial economy dictates that he must exhaust them before the presiding judge, Julie Robinson, or on appeal after his conviction. *See Whitmer v. Levi*, 276 F. App'x 217, 218 (3d Cir. 2008) ("Where a defendant is awaiting trial, the appropriate vehicle for violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition."). To allow Thompson to bring these claims to another judge in a collateral proceeding "would not only waste judicial resources, but would encourage judge shopping." *Chandler v. Pratt*, 96 F. App'x 661, 662 (10th Cir. May 14, 2004); *see also Halt*, 97 F. App'x at 247–48 ("Allowing federal prisoners to bring claims in habeas proceedings that they have not yet, but still could, bring in the trial court, would result in needless duplication of judicial work. . . .").

We will not consider Thompson's § 2241 petition because he has not exhausted his available remedies. As such, even viewing Thompson's pleadings generously, we find no error in the district court's order dismissing his petition or denying his motion for reconsideration.

Based on the foregoing, we dismiss this appeal. We also deny as moot Thompson's motion for leave to proceed *in forma pauperis* because the district court already provisionally granted *in forma pauperis* status. *See* Fed. R. App. P. 24(a)(3).


ENTERED FOR THE COURT


Gregory A. Phillips
Circuit Judge