FILED
United States Court of Appeals
Tenth Circuit

December 18, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

AUSTIN RAY,

     Petitioner - Appellant,

v.

WARDEN DEBORAH DENHAM,

     Respondent - Appellee.

No. 15-1252
(D.C. No. 1:15-CV-01012-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

Mr. Austin Ray appeals from the district court's dismissal of his habeas application. We affirm.

In April 2014, Mr. Ray was indicted in the District of Colorado and taken into federal custody. He sought dismissal of the criminal case, arguing that

---

[*]    The Court has determined that oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But our order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

- federal authorities deprived him due process and violated the Interstate Agreement on Detainers by removing him from a Colorado pre-parole conditional supervision program and

- the district court lacked personal jurisdiction over him.

Mr. Ray also filed a habeas petition, making the same arguments. Because the same arguments were pending in the criminal case, the district court dismissed the habeas action. Mr. Ray appeals, and we affirm.

In appropriate circumstances, federal courts can consider habeas applications filed by pre-trial detainees. *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (considering a double jeopardy challenge). But "[a]n attempt to dismiss an indictment or otherwise prevent a prosecution is normally not attainable by way of pretrial habeas corpus." *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993) (alterations and internal quotation marks omitted). Even when habeas relief is otherwise available, the petitioner must first exhaust other available remedies. *See, e.g.*, *Dry v. CFR Court of Indian Offenses for the Choctaw Nation*, 168 F.3d 1207, 1209 (10th Cir. 1999) (tribal remedies); *Capps*, 13 F.3d at 353-54 & n.2 (state remedies); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam) (administrative remedies).

In unpublished opinions, we have sometimes applied the exhaustion rule to deny habeas relief to federal detainees who filed habeas applications while their federal criminal cases were pending. *See Thompson v. Robinson*, 565 F. App'x 738, 739 (10th Cir. 2014)

2

(unpublished); *Hall v. Pratt*, 97 F. App'x 246, 247-48 (10th Cir. 2004) (unpublished); *Chandler v. Pratt*, 96 F. App'x 661, 662 (10th Cir. 2004) (unpublished). We regard these opinions as persuasive because they follow logically from our precedents requiring exhaustion of other available remedies. Under these opinions, Mr. Ray had to exhaust his present claims by raising them in the criminal case. *See Thompson*, 565 F. App'x at 739; *Hall*, 97 F. App'x at 248; *Chandler*, 96 F. App'x at 662.

The district court did not err in dismissing Mr. Ray's habeas application. Thus, we affirm. Mr. Ray's motion to proceed without prepayment of costs or fees is granted.

Entered for the Court

Robert E. Bacharach
Circuit Judge

3