**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 21, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

AUSTIN RAY,

     Plaintiff - Appellant,

v.

ARLETA MOON, Special Agent I.R.S.;
EIGHT UNKNOWN FEDERAL I.R.S.
AGENTS; COLORADO DEPARTMENT
OF CORRECTIONS; UNKNOWN STATE
EMPLOYEES; ANNA EDGAR, A.U.S.A.;
GARY PACHECO, Parole Officer, State of
Colorado; ERICKA MARTIN, Program
Director, CMI; DOES 1-100, Federal and
State Actors,

     Defendants - Appellees.

No. 15-1290
(D. Colorado)
(D.C. No. 1:15-CV-01556-LTB)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the party's request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Austin Ray filed in the United States District Court for the District of Colorado a civil-rights suit under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The district court dismissed the action on the ground that Mr. Ray had raised the same claims in a motion to dismiss his criminal prosecution pending in the same court (but before a different judge). Mr. Ray appeals. We have jurisdiction under 28 U.S.C. § 1291. Because the district court did not state a proper ground for dismissal, we reverse and remand.

On September 30, 2013, Mr. Ray was sentenced by a Colorado state court to a six-year prison term. On April 22, 2014, while he was serving his sentence in a "state community corrections facility," R. at 6, federal agents armed with a warrant arrested him on tax-fraud charges and took him from the facility. On June 9, 2015, Mr. Ray moved in federal district court to dismiss his criminal case on the ground that the government denied him due process by removing him from the state program without notice or a hearing. He also argued that the federal court lacked jurisdiction over him and that his placement in federal custody violated the Interstate Agreement on Detainers, 18 U.S.C.A. app. 2 (1970). The motion was denied. We dismissed for lack of jurisdiction his appeal of the denial. Mr. Ray remains in federal custody awaiting trial.

While Mr. Ray's motion to dismiss the criminal action was pending, he filed two additional suits in Colorado federal court based on his removal from the community corrections facility. One was an application for a writ of habeas corpus under 28 U.S.C. § 2241. The district court dismissed the action without prejudice, stating that it would

2

"refrain at this time from addressing the issues raised in this action pending resolution by the court of the pending motion to dismiss [in his criminal case]." Order of Dismissal at 4, *Ray v. Denham*, No. 15-cv-1012-GPG, (D. Colo. July 7, 2015).

The other suit was the civil-rights action now before us. Mr. Ray alleges in that suit that his removal from the state program violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments. The district court dismissed the suit without prejudice "for the same reasons stated in [Mr. Ray's habeas case]," namely that "[b]ecause the claims presented in this case are at issue in [his] pending criminal case, . . . this Court will refrain from addressing these claims in this action pending resolution of the pending motion to dismiss that addresses these claims in [the criminal case]." R. at 52–53.

We are sympathetic to the district court's concern for duplication of judicial effort. But it did not cite to, nor are we aware of, any authority for the dismissal of Mr. Ray's civil-rights claim. Dismissal of a habeas claim may be appropriate if the same issue is pending in a criminal case, because a habeas claim is not properly brought if the prisoner has not exhausted his remedies in the criminal proceeding. *See* Order & Judgment, *Ray v. Denham*, No. 15-1252 (10th Cir. December 18, 2015). Similarly, dismissal of a civil-rights claim concerning prison conditions should ordinarily be dismissed if the prisoner has not exhausted administrative remedies. *See Booth v. Churner*, 532 U.S. 731, 733–34 (2001) (§ 1983 claim); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001) (*Bivens* claim). But Mr. Ray does not challenge prison conditions and we know of no applicable

3

exhaustion requirement for his civil-rights claim. *Cf. Heck v. Humphrey*, 512 U.S. 477, 480 (1994) ("In general, exhaustion of state remedies is not a prerequisite to an action under § 1983.") (internal quotation marks omitted).

Nor was Mr. Ray's suit dismissible under the *Heck* doctrine. *Heck* held that a civil-rights claim may be barred if its success would be inconsistent with a criminal conviction of the plaintiff that has not been invalidated. *See* 512 U.S. at 486–87. The *Heck* doctrine does not bar a civil-rights claim, however, when a criminal prosecution is pending but there has been no conviction. *See Wallace v. Kato*, 549 U.S. 384, 393–94 (2007). A stay of the civil-rights case, pending disposition of the criminal prosecution, may be appropriate. *See id.* But dismissal is not.

We REVERSE the district court's dismissal of Mr. Ray's civil-rights suit and REMAND to the district court for further proceedings consistent with this disposition. We GRANT Mr. Ray's motion to proceed without prepayment of costs and fees, and remind him of his obligation to continue making payments of the filing fee until it is paid in full.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

4