**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 10, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

AUSTIN RAY,

      Petitioner - Appellant,

v.

WARDEN DEBORAH DENHAM;
UNITED STATES MARSHAL
SERVICE,

      Respondents - Appellees.

No. 16-1072
(D.C. No. 1:16-CV-00006-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.[**]

---

Petitioner-Appellant Austin Ray appeals from the district court's dismissal

of his second 28 U.S.C. § 2241 habeas petition. Mr. Ray has argued repeatedly

that the court lacked jurisdiction and that the federal authorities violated his due

process rights and the Interstate Agreement on Detainers in pursuing a criminal

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

case against him. He presented the same claims in a motion to dismiss in his criminal trial and in a prior § 2241 petition. The district court dismissed the instant petition because it was not the proper avenue for relief. Although we agree, we dismiss this appeal summarily given the apparent jurisdictional defect.

After being convicted by a jury on multiple counts of tax fraud, Mr. Ray is awaiting sentencing.[1] While his criminal case was pending, Mr. Ray filed a § 2241 petition arguing that his removal from a Colorado pre-parole supervised release program violated his due process rights, and that his federal detention violated the Interstate Agreement on Detainers and deprived the court of personal jurisdiction. Ray v. Denham, No. 15-CV-01012-GPG, 2015 WL 4095457, at *1 (D. Colo. July 7, 2015). The court denied relief and dismissed the petition without prejudice, noting the same arguments were pending before the court in his criminal case. Id. at *2. We affirmed. Ray v. Denham, 626 F. App'x 218, 219 (10th Cir. 2015). Two weeks later, Mr. Ray filed a second § 2241 petition asserting the same claims and arguing that he had exhausted the available remedies because the district court ruled on the arguments in the criminal case. Aplt. Br. at 4–5.

Mr. Ray still has not exhausted available remedies. Although the trial court has now ruled on the motion to dismiss in Mr. Ray's underlying criminal case, he cannot lodge a collateral attack on that decision until he seeks a direct appeal.

---

[1] He is scheduled to be sentenced in July 19, 2016.

See Burger v. Scott, 317 F.3d 1133, 1144 n.8 (10th Cir. 2003) ("While no statutory exhaustion requirement applies to petitions filed pursuant to § 2241, it is well settled that claims raised in § 2241 petitions must be exhausted before a federal court will hear them."); see also Thompson v. Robinson, 565 F. App'x 738, 739 (10th Cir. 2014) (considering a similar collateral attack and requiring the petitioner first exhaust his claims on appeal after conviction).  Mr. Ray already has attempted to appeal the underlying decision in his criminal case, but as we reminded him, he must wait until he is convicted and sentenced, rendering the decision final, because the alleged violations are not appropriate for interlocutory review.  See United States v. Ray, No. 15-1347, slip op. at 1–2 (D. Colo. Oct. 5, 2015) (finding no jurisdiction for appellate review until conviction and imposition of sentence (citing Flanagan v. United States, 465 U.S. 259, 263 (1984))).

AFFIRMED.  Mr. Ray's appeal is DISMISSED, and his request to proceed IFP is DENIED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge