FILED
United States Court of Appeals
Tenth Circuit

September 22, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMSHID MUHTOROV,

     Petitioner - Appellant,

v.

JOHNNY CHOATE,

     Respondent - Appellee.

No. 17-1252
(D.C. No. 1:17-CV-01527-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.[**]
_____

     Petitioner-Appellant Jamshid Muhtorov appeals from the judgment of

dismissal without prejudice of his habeas corpus application. 28 U.S.C. § 2241. Mr.

Muhtorov is charged with conspiracy and attempt to provide material support to a

designated terrorist organization. 18 U.S.C. § 2339B. He has been detained pending

trial since 2012. Mr. Muhtorov repeatedly sought pretrial release. The district court

granted conditional release in 2017, but this court reversed and ordered that he be

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

detained pending trial. United States v. Muhtorov, No. 17-1220, 2017 WL 3098109 (10th Cir. July 21, 2017).

In his habeas application, Mr. Muhtorov alleged that his Sixth Amendment right to a speedy trial is being violated in part due to ineffective assistance of trial counsel. I R. 4–5. On appeal, Mr. Muhtorov contends that trial counsel was ineffective because counsel did not demonstrate prejudice in presenting his Sixth Amendment speedy trial claim to the district court. Aplt. Br. at 2. He seeks dismissal of the charges, or alternatively an order requiring the district court to set a trial date forthwith. Id. at 5. The district court noted that Mr. Muhtorov's speedy trial claims are being pursued in the criminal case and that the district court's adverse decisions could be appealed.

Though § 2241 may afford a means of challenging pretrial detention, Walck v. Edmondson, 472 F.3d 1227, 1235 (10th Cir. 2007), exhaustion is generally a prerequisite for § 2241 relief. See Ray v. Denham, 652 F. App'x 610, 612 (10th Cir. 2016). Additionally, ineffective assistance of counsel claims generally are raised post-conviction, specifically in a § 2255 motion, and not on direct appeal, let alone pretrial. See Massaro v. United States, 538 U.S. 500, 504–505 (2003). Though the length of delay in this case is troubling, we agree with the district court and affirm its dismissal without prejudice for substantially the same reasons.

AFFIRMED.  We GRANT Mr. Muhtorov's motion to proceed IFP on appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge