**Lawrence Allen FASSLER,
Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

**No. 87–3857
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 27, 1988.
Rehearing and Rehearing En Banc Denied
Nov. 21, 1988.

Lawrence A. Fassler, Phoenix, Ariz., pro se.

Ian F. Hipwell, Asst. U.S. Atty., P. Raymond Lamoica, U.S. Atty., Baton Rouge, La., for U.S.

Before REAVLEY, POLITZ, and JONES, Circuit Judges.

PER CURIAM:

Appellant Fassler was convicted and is now incarcerated pending appeal of his conviction for knowingly and intentionally possessing 162 pounds of marijuana with intent to distribute. Fassler was ordered detained prior to trial pursuant to the Bail Reform Act, 18 U.S.C. § 3141–3156. In this appeal, he purports to seek habeas corpus relief because of the illegality of his pretrial detention. The relief he seeks is plainly not available. We affirm the district court's denial of relief, with cautionary notes to courts and detainees alike concerning their responsibilities under the Bail Reform Act.

Fassler was arrested May 28, 1987, after he was videotaped in the act of receiving marijuana from a government informant. At the time, he was on release pending trial on drug charges in Arizona. The government moved for pretrial detention at his initial appearance before the magistrate the next day, as is required to preserve its right to such relief. *United States v. O'Shaughnessy,* 764 F.2d 1035, 1038 (5th Cir.1985). Two pretrial detention hearings were then held June 12 [1] and June 19, 1987, and the defendant offered evidence and testimony of various sorts. The matter was again continued until June 24 at defendant's request. The magistrate then determined that, although some earlier grounds for defendant's detention no longer applied, there was probable cause that the defendant had committed an offense for which a maximum term of imprisonment exceeding ten years was prescribed in the Controlled Substances Act. Further, the magistrate found that the defendant had failed to rebut the presumption that no condition would reasonably assure Fassler's appearance at trial and the safety of the community.

Fassler had been advised of his right to appeal the detention order to the district court pursuant to 18 U.S.C. § 3145. He so moved on August 11, and the district court heard oral argument and additional evidence and took the matter under advisement until September 3. On September 10, 1987, five days prior to trial, the trial court affirmed the magistrate's detention order after a de novo review of the evidence and arguments of the parties. Fassler did not appeal this decision to the Court of Appeals as is provided by 18 U.S.C. § 3145.

Instead, Fassler filed a motion for writ of habeas corpus with the district court on September 10, alleging broad-based challenges to the detention order. Fassler contended that the detention order was being used illegally and unconstitutionally as a punitive tool to force him to plead guilty; that it was not imposed by an impartial magistrate; that it placed an excessive and unjustified burden upon his defense and impaired his trial preparation; and that it was based on accusations of heroin trafficking that had no evidentiary foundation. The district court denied this petition on September 30, after Fassler had been convicted at trial. The court elected to treat the petition as a writ of habeas corpus prior to trial, sought pursuant to 28 U.S.C. § 2241(c)(3). The court found his request for relief from custody to be mooted by his conviction and subsequent legal detention pursuant to 18 U.S.C. § 3143. The court additionally denied Fassler's petition on the merits, finding that most of his complaints had been resolved in the court's prior de novo review of the pretrial detention order. Fassler has appealed.

■ That we have jurisdiction does not mean that Fassler has sought an appropriate remedy for pretrial detention or that the case is not moot. For whatever reason, Fassler bypassed the expedited appeal procedure noted by the Supreme Court as an essential safeguard provided by the Bail Reform Act. 18 U.S.C. § 3145; *United States v. Salerno,* 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). Section 3145 provides that appeals to the district court and court of appeals from pretrial detention orders shall be determined promptly. In this case Fassler was tried expeditiously and it might have been difficult to secure prompt appellate review within the terms

---

**1.** The hearing was set for June 2nd originally, but it was continued at defendant's request.

of the statute.[2] Acting cautiously, we decline to hold that § 3145 provides the *exclusive* means by which a person under indictment can challenge his pretrial detention. Nevertheless, the terms of the Bail Reform Act and the potential for abuse of the writ and for unnecessary duplication of appeals, as demonstrated below, should ordinarily provide strong incentive for defendants to employ Section 3145 appeals.

■ Because Fassler is now legally in federal custody, we must hold that his request for release from pretrial confinement is moot. *See, e.g., Medina v. People of the State of California*, 429 F.2d 1392 (9th Cir.1970) (appeal from writ of habeas corpus for unconstitutional bail revocation mooted by defendant's subsequent conviction); *Traber v. United States*, 466 F.2d 483, 485 (5th Cir.1972) (issue of excessive bond not appropriately raised in § 2255 motion).[3]

Notwithstanding the mootness of this appeal, Fassler's complaints concerning the basis of his pretrial detention and its effect on the subsequent trial were not unanswered. We believe the allegations of his petition demonstrate instead an ingenious device for securing redundant review of these contentions. Most of his complaints could have been or were dealt with by the district court's review of the magistrate's pretrial detention orders. Fassler contends, for instance, that the magistrate improperly relied on evidence of Arizona charges which may have been later

dropped and erroneously evaluated their significance under the Bail Reform Act. *See* 18 U.S.C. § 3142(g)(3)(B). The district court's opinion on review of the detention order specifically considered this issue. Fassler contends that he was unable to prepare for trial while he was incarcerated and that this severely hampered his defense, in view of his considerable experience as an investigator and a criminal law paralegal. The Bail Reform Act, however, states that any pretrial incarceration order shall afford a defendant the opportunity reasonably to consult with counsel and prepare his defense. 18 U.S.C. § 3142(i)(3). Fassler could have moved for additional relief to prepare his defense, or he could have challenged this facet of detention on review by the district court, but it appears that he did neither. We cannot review this contention because he did not raise it before the district court. *Pierce v. United States*, 525 F.2d 933 (5th Cir.1976).

■ Additionally, Fassler contends vigorously that the threat of pretrial detention was employed to coerce a guilty plea.[4] The district court, ruling on Fassler's § 2241(c) petition, rejected this contention because, as Fassler had gone to trial, the coercion was evidently unsuccessful. There is no reason why Fassler could not have alleged such a claim in his appeal from the magistrate's detention orders, at a time that it would have been entitled to expedited consideration.[5] Finally, to the extent that Fas-

---

**2.** In an effort to expedite appeals under the Bail Reform Act, our Court has adopted filing forms that pretermit the necessity for the preparation of formal briefs. This measure alone should save considerable time on appeal.

**3.** We are mindful of the Supreme Court's decision in *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554 (1968) (writ of habeas corpus not moot even though prisoner completed his sentence before final adjudication because conviction resulted in certain collateral consequences to the individual). Fassler's pretrial detention, however, carries with it none of the disabilities or burdens which have concerned the Court. For instance, Fassler is not barred from future occupations because of his pretrial detention. Nor does his pretrial detention exclude him from later participation in elections or deny him the opportunity to serve as a juror.

**4.** Fassler also contends that the pretrial detention imposed a severe financial hardship. We pretermit further discussion of this issue, noting that it is not relevant to the determination of whether pretrial detention is warranted. Section 3142(g) identifies those factors to be considered in the pretrial detention hearing. The financial resources of the defendant are relevant only insofar as they reflect the likelihood that the defendant will appear before the court when required.

**5.** Fassler asserts that the magistrate erred during the detention hearing by refusing to accept his proffers of his affidavit as evidence because of his accompanying refusal to testify. Fassler is correct; testimony is not required. *See* 18 U.S.C. § 3142(f)(2); *United States v. Parker*, 848 F.2d 61 (5th Cir.1988). The magistrate's error, however, should have been attacked under

sler characterizes his objections to pretrial detention as implicating the constitutionality of that order, he plainly could have pursued that issue in his appeal pursuant to § 3145. The district court overruled it in its order on the § 2241 petition, however, and we concur.

Other charges connected to Fassler's pretrial detention can be pursued by him in this Court at a later date. He adverts to what he considers the paucity of evidence supporting his conviction, an issue that undoubtedly will be determined on his pending direct appeal. He also asserts that he received ineffective assistance of counsel before trial, in part because of the conditions of his detention. This issue can be raised in a collateral attack on his conviction pursuant to 28 U.S.C. § 2255—but not now. We have held that a criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal. *Jones v. United States,* 453 F.2d 351, 352 (5th Cir.1972).

The government has asked us to hold that Fassler has abused the writ of habeas corpus by obtaining two bites at the apple to challenge his conviction and pretrial detention order. We decline to do so, because his approach was novel and not wholly without merit. Similar indulgences will not be afforded criminal appellants in the future. Fassler's maneuver in most cases that we can conceive will result in duplication of effort by the courts and government with no obvious benefit to be gained by the defendant. The moral of this opinion should be clear: defendants have the responsibility to appeal pretrial detention orders promptly, and we, the courts, have an equal responsibility to adjudicate them promptly.

AFFIRMED.

§ 3145, and we do not have the full transcript of the detention hearings to determine exactly   what happened.