927 F.2d 596
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Pervis McKENNEY, Petitioner-Appellant,
v.
Richard J. BAKER, Superintendent, Anne Arundel County
Detention Center, Attorney General of the State of
Maryland, Respondents-Appellees.
 No. 90-6184.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 4, 1991.
Decided Feb. 27, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-90-2501-S)
 Pervis McKenney, appellant pro se.
 D.Md.
 DISMISSED.
 Before DONALD RUSSELL, SPROUSE and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Pervis McKenney appeals* from an order of the district court dismissing without prejudice his habeas corpus petition for failure to exhaust his state court remedies.
 
 
 2
 McKenney filed a petition seeking pretrial habeas relief. Subsequent to the district court's order denying relief McKenney was convicted and sentenced in the state court. Thus, McKenney is no longer in pretrial custody, and to the extent his petition sought relief from such custody, it is moot. See Fassler v. United States, 858 F.2d 1016, 1018 (5th Cir.1988), cert. denied, 57 U.S.L.W. 3792 (U.S.1989). To the extent his petition raised claims which implicate the validity of his subsequent conviction, these claims must now be exhausted through normal appellate processes. In light of his intervening conviction, they are clearly unexhausted. See Preiser v. Rodriguez, 411 U.S. 475 (1973). Accordingly, the dismissal without prejudice was proper. We deny a certificate of probable cause and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process.
 
 
 3
 DISMISSED.
 
 
 
 *
 A post-judgment motion filed within ten days of judgment which calls into question the correctness of the judgment is to be treated as a motion under Rule 59, Fed.R.Civ.P. Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir.1978). The thirty-day period for noting an appeal does not begin to run until the district court rules on the Rule 59 motion
 McKenney filed a motion to strike within ten days of the judgment which called into question the correctness of the judgment; consequently, the district court was in error in treating it as a Rule 60 motion. Properly considered as a Rule 59 motion it tolled the running of the appeal period until October 9, the day that the court's ruling on the motion was entered. McKenney's notice of appeal was filed November 9 and was timely under Houston v. Lack, 487 U.S. 266 (1988). This case is therefore properly before the Court on the merits.