United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 28, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20722
c/w No. 05-20741
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOHN BUFORD FRAZIER,

                                        Defendant-Appellant.

---------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-354-2
---------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

      John Buford Frazier was convicted for possessing a firearm

as a convicted felon under 18 U.S.C. § 922(g)(1) and § 924(a)(2).

In the first of two consolidated appeals, No. 05-20722, he

challenges the district court's revocation of his pre-trial bond.

We lack jurisdiction to consider his claims because the issues

raised are moot.  See Fassler v. United States, 858 F.2d 1016,

1017-18 (5th Cir. 1988).  The appeal is therefore DISMISSED.

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In the second of Frazier's appeals, he challenges his conviction and the 71-month sentence he received. First he asserts that the district court erred in including his 1983 Texas conviction for burglary in determining his criminal history score. Frazier was paroled on the 1983 conviction in 1987. The following year, he was convicted of aggravated robbery and imprisoned in Colorado. In 1989, his parole on the 1983 conviction was revoked, and his sentence was not discharged until 1991. Frazier asserts that, because he was already in prison in Colorado at the time his parole on the 1983 conviction was revoked, the Colorado imprisonment did not "result from" the 1983 conviction for purposes of counting it toward his criminal history under U.S.S.G. § 4A1.2(e)(1). We rejected such an argument in United States v. Ybarra, 70 F.3d 362, 366-67 (5th Cir. 1995).

Next Frazier asserts that the district court erred in denying his motion to dismiss the indictment. The Sixth Amendment requires that an indictment (1) enumerate each prima facie element of the charged offense; (2) fairly inform the defendant of the charges filed against him; and (3) provide the defendant with a double jeopardy defense against future prosecutions. United States v. Gaytan, 74 F.3d 545, 551 (5th Cir. 1996). The elements of the offense under § 922(g)(1) are that the defendant have a prior conviction "in any court of[] a

crime punishable by imprisonment for a term exceeding one year."
§ 922(g)(1).

The indictment does not specify the predicate offense for the charge against Frazier, although it does state that it was a crime of violence. Frazier asserts that his 1988 Colorado conviction cannot serve as the predicate offense. Assuming arguendo that he is correct, he has another prior conviction for a crime of violence, his 1983 conviction for burglary of a habitation in Texas. Accordingly, the district court did not err in denying Frazier's motion.

Finally, Frazier asserts that the disparity between his 71-month sentence and the 21-month sentence his co-defendant received for the same conduct violates his rights under the Due Process Clause. We review the district court's sentencing decision for unreasonableness, with our inquiry guided by the considerations set forth in 18 U.S.C. § 3553(a). United States v. Smith, 440 F.3d 704, 706 (5th Cir. 2006). Subsection (a)(6) requires the sentencing court to consider the disparity in sentences among defendants who have been found guilty of similar conduct only where the defendants have "similar records." § 3553(a)(6). Thus, § 3553(a)(6) concerns "the need to avoid disparity among similarly situated defendants nationwide rather than disparity with [a defendant's] differently-situated co-defendant." United States v. Duhon, 440 F.3d 711, 721 (5th Cir. 2006), petition for cert. filed (May 18, 2006) (05-11144).

Even before § 3553 came into effect with the Sentencing Reform Act of 1984, see Mistretta v. United States, 488 U.S. 361, 367-68 (1989), we had held that a disparity between co-defendants' sentences does not violate the Due Process Clause where the greater sentence is based upon, inter alia, the defendant's character and background. United State v. Lucio, 394 F.2d 511, 511-12 (5th Cir. 1968).

Frazier's sentence was the result of his extensive criminal record, and his counsel admitted during the sentencing hearing that Frazier was different from his co-defendant and that "you just can't treat everybody equally." The disparity between the co-defendants' sentences here is not unreasonable, and it does not violate the protections of the Due Process Clause.

The judgment of the district court is AFFIRMED.