**\*AMENDED GLD-100**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4184
_____

UNITED STATES OF AMERICA

v.

ALLEN ROBERTS, JR.,
                                                Appellant

_____

On appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Crim. No. 10-cr-00247)
District Judge: Honorable Christopher C. Conner

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
January 26, 2012

Before: FUENTES, GREENAWAY, JR., and STAPLETON, Circuit Judges

(Opinion filed: March 2, 2012)
_____

OPINION
_____

PER CURIAM

According to the Superseding Indictment filed in his criminal case, United

States v. Roberts, M.D. Pa. Crim. No. 10-00247, appellant Allen Roberts, Jr. was

1

charged with being a convicted felon in possession of a firearm and federal drug offenses in violation of 18 U.S.C. §§ 922(g) and 924, and 21 U.S.C. §§ 841(a)(1) and 846. A detention hearing was held in September 2010. Roberts did not contest the Government's motion for detention, and a magistrate judge ordered him detained prior to trial. About a month later, counsel for Roberts moved to reopen the detention hearing. The motion was granted and another hearing was held in November 2010. The magistrate judge denied Roberts' request for bail and maintained the pretrial detention order.[1] In August 2011, Roberts filed two pro se petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2241.[2] He contended that the warrant for his arrest was defective, the evidence was insufficient to support the indictment, the government fabricated evidence and the grand jury transcript, counsel was ineffective regarding the detention hearing, and the government was engaging in a vindictive prosecution. The District Court denied the petitions on October 5, 2011, noting that a § 2241 petition was not the proper vehicle for the claims. Roberts appeals from this decision. Since filing his appeal, Roberts has pleaded guilty to violations of 18 U.S.C. §§ 922(g) and 924 and

[1] The magistrate judge found that (1) there was probable cause to believe that Roberts had committed an offense for which a maximum prison term of ten years or more is prescribed and (2) Roberts failed to rebut the presumption that there was no condition on release that would reasonably assure his appearance at trial and the safety of the community. Detention Order Pending Trial, dkt. # 15 (Sept. 7, 2010).

[2] A series of counsel were appointed to represent Roberts, but he elected to

awaits sentencing.

We have jurisdiction pursuant to 28 U.S.C. § 1291. If no substantial question is presented, we may summarily affirm the District Court's order on any ground supported by the record. See 3d Cir. L.A.R. 27.4; IOP 10.6; Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

In this case, the District Court correctly concluded that Roberts' claims regarding his previously pending criminal charges should have been raised in the criminal case, not in a habeas petition pursuant to 28 U.S.C. § 2241. When a defendant is awaiting trial, the appropriate mechanisms for challenging the legality of an arrest, the constitutionality of the government's actions, or the admissibility of evidence are pretrial motions. See Gov't of the Virgin Islands v. Bolones, 427 F.2d 1135, 1136 (3d Cir. 1970) (per curiam). As the District Court noted, many of Roberts' claims were properly brought in motions to suppress and would be addressed at a pending suppression hearing. The allegation regarding the grand jury transcript was addressed by the District Court's order denying Roberts' motions for disclosure of the grand jury minutes. Because adequate remedies were available for these claims in his criminal case, Roberts was not entitled to habeas corpus relief.

The challenge to pretrial detention, however, merits further discussion.

---

proceed pro se for a period of time.

3

Roberts bypassed the expedited review procedure of the Bail Reform Act, which provides for District Court review of a detention order entered by a magistrate judge and subsequent appeal to a court of appeals, see 18 U.S.C. § 3145(b)-(c), in favor of raising the claim in a § 2241 petition nine months after his request for bail was denied. Challenging federal pretrial detention via a § 2241 petition has been both harshly criticized, Fassler v. United States, 858 F.2d 1016, 1018-19 (5th Cir. 1988) (per curiam), and held to be inappropriate. United States v. Pipito, 861 F.2d 1006, 1009 (7th Cir. 1987). As the United States Court of Appeals for the Fifth Circuit explained, there is a potential for abuse of the writ and unnecessary duplication of appeals when a defendant's challenge to pretrial detention could have been handled by review under 18 U.S.C. § 3145. Fassler, 858 F.2d at 1018. Although declining to hold that § 3145 provides the exclusive procedure for challenging pretrial detention, the court made clear that challenges via a habeas petition were disfavored, that "defendants have the responsibility to appeal pretrial detention orders promptly," and that courts have a corresponding responsibility "to adjudicate them promptly." Id. at 1019.[3] Given that Roberts made challenges to his pretrial detention that could have been raised via the review procedures of §

---

[3] In Gov't of the Virgin Islands v. Bolones, 427 F.2d 1135, this Court entertained and sustained a challenge to a denial of bail in a habeas corpus proceeding. The Government did not raise the jurisdictional issue there, however, and the Court did not address it.

3145, it is at least questionable whether his § 2241 petition was the appropriate vehicle to obtain review.[4]

In any event, it appears that Roberts' claims regarding pretrial detention lack merit. He states that his first detention hearing was "purposely arranged" to the Government's advantage because his proposed third party custodian did not appear after being notified by the court of the wrong date for the hearing. Habeas Petition, dkt. # 127, at 2-3 (Aug. 31, 2011). But later events resolved the problem: counsel moved to reopen the detention hearing on the basis of the erroneous notification to the proposed custodian, Motion for Detention Hearing, dkt. # 19 (Oct. 21. 2010), and she testified at the second hearing. Minute Sheet, dkt. # 33 (Nov. 30, 2010). Roberts also complains that his counsel was ineffective because he did not provide requested information and did not contact Roberts for a period of time between the detention hearings. Habeas Petition, dkt. # 127, at 3 (Aug. 31, 2011). But Roberts provides no explanation of how counsel's alleged unresponsiveness is linked to the pretrial detention. Even if we were to assume that he is alleging that counsel abandoned him or failed to adequately represent him regarding pretrial detention, the facts undercut such a claim. As noted above, counsel secured a second

---

[4] The fact that Roberts has been convicted since he filed this appeal also raises the question of whether his challenge to pretrial detention is moot because he is now presumably in detention pending sentencing pursuant to 18 U.S.C. § 3143(a). See Fassler, 858 F.2d at 1017-18 (holding that a challenge to pretrial detention became moot because the defendant had been convicted and was in custody pursuant to 18

detention hearing for Roberts. By the time that hearing occurred, Roberts was represented by new counsel. Minute Sheet, dkt. # 33 (Nov. 30, 2010). Under these circumstances, the claims must fail.

There being no substantial question presented by this appeal, we will summarily affirm the order of the District Court. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6. To the extent that Appellant's filing received February 24, 2012 seeks the appointment of counsel, that request is denied.

---

U.S.C. § 3143).