# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 22, 2012

No. 11-11149
Summary Calendar

Lyle W. Cayce
Clerk

AUZIO HEWLETT,

Petitioner-Appellant

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL; KAREN EDENFIELD,
Warden,

Respondents-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:11-CV-119

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Auzio Hewlett, federal prisoner # 29801-044, appeals the district court's
dismissal of his 28 U.S.C. § 2241 petition for lack of jurisdiction. In the petition,
Hewlett challenged his conviction in the Eastern District of Wisconsin for
conspiracy to distribute and to possess with the intent to distribute 50 grams or
more of cocaine base and five kilograms or more of cocaine.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Hewlett asserts that the district court had jurisdiction over his petition because both he and his custodian, the warden of his prison facility, are within the Northern District of Texas. He contends that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. Hewlett argues that the dismissal of his § 2241 petition impermissibly suspends the writ of habeas corpus. He also briefs the merits of his claim that his drug conspiracy conviction was unconstitutional because the Controlled Substances Act violates the Tenth Amendment and exceeds the federal government's power under the Commerce Clause. We review a district court's dismissal of a § 2241 petition de novo. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).

A § 2241 petition and a § 2255 motion "are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Section 2255 is the primary mechanism for collaterally attacking a federal sentence, and a § 2255 motion must be filed in the sentencing court. *Id.* Section 2241 is the proper procedural vehicle for challenging the manner in which a sentence is executed, and a § 2241 petition must be filed in the district of incarceration. *Id.* "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Id.* at 452.

Because the claims raised by Hewlett in his § 2241 petition attacked the validity of his Wisconsin conviction, the district court did not err in its determination that the claims would be properly brought in a § 2255 motion. *See Pack*, 218 F.3d at 451. As Hewlett was sentenced in Wisconsin, the district court correctly determined that it lacked jurisdiction to consider his petition as a § 2255 motion. *See Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997).

A prisoner can attack the validity of his conviction in a § 2241 petition only if he can meet the requirements of the savings clause of § 2255(e). *Kinder*, 222 F.3d at 212. It is the petitioner's burden to affirmatively show that the remedy under § 2255 would be inadequate or ineffective to test the legality of his

detention. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The petitioner must establish that his claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.* at 904. Hewlett has failed to make the required showing.

To the extent that Hewlett argues that the dismissal of his § 2241 petition impermissibly suspends the writ of habeas corpus, his contention lacks merit. We have held that the restrictions on obtaining relief pursuant to § 2241 and the savings clause of § 2255 do not violate the Suspension Clause. *See Wesson v. United States Penitentiary Beaumont, TX,* 305 F.3d 343, 347 (5th Cir. 2002); *Reyes-Requena*, 243 F.3d at 901 n.19.

AFFIRMED