CLD-023                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1849
_____

JUSTIN MICHAEL CREDICO,
                                        Appellant

v.

BOP FDC WARDEN OF PHILADELPHIA;
WASHINGTON D.C. BOP WARDEN/DIRECTOR;
WARDEN OF CHESTER COUNTY PRISON;
PHILADELPHIA FBI AND DOJ;
UNITED STATES

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:14-cv-01456)
District Judge:  Honorable William H. Yohn, Jr.

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 30, 2014
Before:  FUENTES, GREENAWAY, JR. and VANASKIE, <u>Circuit Judges</u>

(Opinion filed: November 14, 2014)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Justin Michael Credico, a pre-trial detainee at the Federal Detention Center ("FDC") in Philadelphia, filed a petition pursuant to 28 U.S.C. § 2241, to challenge, by his own admission, "solely [his] conditions of confinement." § 2241 Petition at 3. He described trouble obtaining grievance forms, alleged that FBI agents illegally seized his property on his transfer to the FDC (and were examining it), and stated that officials at Chester County Prison, where he was last housed, have not forwarded his legal mail to him at the FDC. He requested grievance forms, an order disallowing retaliation or a transfer to a different cell block, mailing addresses for various consular offices, two copies of forms for actions under 42 U.S.C. § 1983, and an order compelling the FBI to give him a property release form.

The District Court dismissed the § 2241 petition, explaining that Credico did not attack the validity of his detention and that the relief he sought was not available through a petition for writ of habeas corpus. The District Court further noted that courts have held in disfavor challenges to federal pre-trial detention under § 2241. The order dismissing the petition was without prejudice to Credico's filing of a civil rights complaint (the District Court directed the Clerk of Court to provide Credico with the current forms and an application to proceed in forma pauperis).

Credico filed a motion for reconsideration. He asserted that the District Court had exceeded its jurisdiction in ruling § 2241 inapplicable and claimed that time he had spent in the "hole" could affect "potential future good time." He requested that the District

Court direct the prison to turn grievance forms over to him and provide him consular addresses, but he withdrew his claims against Chester County prison officials because they had forwarded his mail. He also asked the Court to exercise its mandamus jurisdiction to obtain the release of his property (Credico noted that he sought mandamus relief because he did not have the money to pay the fees for a civil suit and his "three strikes" under 28 U.S.C. § 1915(g) presented an obstacle to proceeding in forma pauperis). The District Court denied Credico's motion.

Credico appeals. In his notice of appeal, he argues that his petition should have been construed as a "§ 2241 mandamus" to the extent that he requested a release of his property and a property release form. He notes that that the transfer of inmates "may fall under [sic] habeas clause," so he is entitled to the addresses of consular offices. Credico further contends that the District Court's determination that the claims fall under 42 U.S.C. § 1983 is an "error of law and discretion." Also, he withdraws his requests for some forms that have since been provided to him.

After Credico was notified that his appeal was subject to possible summary action, he filed a response. In the filing, he asserts that the District Court had subject matter jurisdiction over his § 2241 petition because he was placed in "SHU" for a day and he has a liberty interest in good-time credits. He claims a due process violation in relation to his "SHU" placement and the seizure of his property. He states that he sought mandamus relief in his complaint and in his reconsideration motion and wants a ruling on his requests. Credico further argues that his petition raises a federal question under § 2241

3

insomuch as he sought consular addresses because, if a foreign nation grants him citizenship, his custody status could change.

To the extent that some of the defendants have provided Credico with some of the forms he sought and the Chester County defendants have forwarded Credico's mail, this appeal is moot.[1] A federal court may not give opinions on moot questions or declare rules of law which cannot affect the matter at issue in the case before it. See Church of Scientology v. United States, 506 U.S. 9, 12 (1992); see also Gen. Elec. Co. v. Cathcart, 980 F.2d 927, 934 (3d Cir. 1992) ("'Generally, an appeal will be dismissed as moot when events occur during [its] pendency . . . which prevent the appellate court from granting any effective relief.'") (citation omitted). Otherwise, we have jurisdiction under 28 U.S.C. §§ 1291 & 2253(a).[2]

We exercise plenary review over the District Court's order dismissing the § 2241 petition. See Okereke v. United States, 307 F.3d 117, 119 (3d Cir. 2002). Generally, our review of an order denying a motion for reconsideration is for abuse of discretion, but, to the extent the denial is based on the interpretation and application of a legal precept, our

---

[1] We also note that Credico no longer pursues these claims.

[2] The District Court's dismissal was "without prejudice." "Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). "Only if the plaintiff cannot amend or declares his intention to stand on his complaint does the order become final and appealable." Id. at 951–52. In this case, Credico cannot amend his § 2241 petition to correct the identified deficiency (he would have to file a different type of action). Furthermore, he has expressed an intent to stand on his petition insomuch as he has argued, in his motion for reconsideration and on appeal, that he raised questions cognizable under § 2241 over which the District Court had jurisdiction.

**4**

review is plenary.  See Koshatka v. Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985).  Upon review, to the extent that we have jurisdiction, we will summarily affirm because no substantial issue is raised on appeal.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Simply put, the claims that Credico raised are not cognizable in habeas.  None of his claims is a challenge to the fact or duration of imprisonment, which is the essential purpose of the writ of habeas corpus.[3]  See Preiser v. Rodriguez, 411 U.S. 475, 484, 498-99 (1973).  Although a prisoner may also challenge the execution of his sentence pursuant to § 2241, see Coady v. Vaughn, 251 F.3d 480, 495 (3d Cir. 2001), Credico does not raise such a claim.[4]  By his own admission, he contests his "conditions of confinement."[5]  Such a challenge cannot be brought in habeas.  Cf. Leamer v. Fauver,

---

[3] Even if Credico were challenging his detention itself, we would have to consider whether he was proceeding with the proper vehicle.  The use of a § 2241 petition to challenge federal pretrial detention has been criticized, Fassler v. United States, 858 F.2d 1016, 1018-19 (5th Cir. 1988) (per curiam), and held to be inappropriate, United States v. Pipito, 861 F.2d 1006, 1009 (7th Cir. 1987).  Cf. Gov't of V.I. v. Bolones, 427 F.2d 1135, 1136 (3d Cir. 1970) ("Once a valid indictment or information has issued, the legality of arrest and the constitutionality of police activities must be tested by challenging the admissibility of evidence, rather than by habeas corpus.")

[4] In his motion for reconsideration and on appeal, he discusses a one-day transfer to "the hole" or "SHU," but a simple or garden variety transfer falls short of implicating how a sentence (which, as a pre-trial detainee, he does not have) would be "executed."  See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243 (3d Cir. 2005).  His claim that the one day confinement in a disciplinary unit could somehow affect future good-time credits is speculative.  He did not allege that any disciplinary proceeding resulted in the loss of good-time credits.  Cf. Queen v. Miner, 530 F.3d 253, 255 n.2 (3d Cir. 2008) (explaining that a disciplinary action that resulted in the loss of good-time credits could be challenged under § 2241).

[5] On appeal, Credico also claims that his petition was properly brought under § 2241 because his requests for addresses of foreign consular offices has the potential to relate to a change in his custody status (if, for instance, a foreign nation grants him citizenship).  However, the speculative, attenuated link between his request for relief and his potential future custodial status that he describes does not transform his request into a cognizable claim for relief under § 2241.

**5**

288 F.3d 532, 542 (3d Cir. 2002) ("[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, [a civil rights action] is appropriate.") For these reasons, the District Court properly dismissed Credico's § 2241 petition.

Also, the District Court committed no error in denying Credico's motion for reconsideration. As we have explained, the District Court did not have jurisdiction under § 2241, and Credico's arguments did not expose a legal or factual error in that conclusion.[6] See Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (explaining that a motion for reconsideration is a limited vehicle used "to correct manifest errors of law or fact or to present newly discovered evidence") (citation and quotation marks omitted). Credico also contended, in his motion for reconsideration, that he sought mandamus relief in his § 2241 petition, but we do not read his filing as a mandamus petition.[7]

---

[6] Had the District Court advised Credico that all his claims should have been brought under 42 U.S.C. § 1983, as Credico maintains, that would have been error (albeit harmless) as to the claims against the federal defendants. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), provides the cause of action against federal defendants. However, the District Court merely cited Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam), to support the proposition that Credico's claims were not cognizable in habeas. And, while Muhammed makes reference to § 1983 (which would have been appropriate for Credico's claims against state defendants which he subsequently withdrew), the District Court added "[or *Bivens*]" so as to describe appropriate vehicles for both types of Credico's conditions-of-confinement claims.

[7] We further note that although Credico argues that he presented a mandamus petition to the extent that he sought release of his property and forms to obtain the release of his property, he directly requested the forms, not the release of his property, in his § 2241 petition. In any event, the District Court was not on notice from the petition that Credico was seeking mandamus relief; Credico stated that he needed the forms in order to bring a claim under the Administrative Procedure Act and the Federal Tort Claims Act. Furthermore, Credico is not foreclosed by the District Court's decision from bringing a bona fide mandamus petition, if he believes he can marshal a case to show

**6**

In short, we conclude the District Court properly dismissed Credico's § 2241 petition for lack of jurisdiction and properly denied Credico's subsequent motion for reconsideration. We will affirm the District Court's judgment to the extent that we have jurisdiction over this appeal. To the extent that this appeal is moot, we will dismiss it.

---

that the extraordinary relief of mandamus is appropriate. We express no opinion on the merits of such an action, but we caution him that he cannot use mandamus to get around any obstacles he may face in paying the filing fees or obtaining in forma pauperis status for filing a civil action. See Madden v. Myers, 102 F.3d 74, 78 (3d Cir. 1996). ("A litigant should not be able to evade the PLRA by masking as a mandamus petition a paper otherwise subject to the Act . . . . It is the nature of the document, rather than the label attached by the litigant, that controls.")