# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40942
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 2, 2017

Lyle W. Cayce
Clerk

ROBINSON MARTINEZ,

Plaintiff-Appellant

v.

DOUG ATKINSON, Region Director, U.S. Marshal; OMAR LUCIO, Cameron
County Sheriff,

Respondents-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CV-92

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

Robinson Martinez appeals the district court's dismissal of his 28 U.S.C.
§ 2241 petition. He moves for leave to proceed in forma pauperis (IFP) on
appeal, appointment of counsel, and leave to file a supplemental brief.

By moving to proceed IFP, Martinez is challenging the district court's
certification that his appeal was not taken in good faith. *See Baugh v. Taylor,*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-40942

117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Martinez has not demonstrated that a nonfrivolous issue for appeal exists in this case. *See id.* His request for release from pretrial confinement was mooted by his conviction and subsequent legal detention. *See Fassler v. United States*, 858 F.2d 1016, 1017-18 (5th Cir. 1988). Furthermore, Martinez's § 2241 petition cannot substitute as a petition for review of his deportation order because it was not filed within 30 days of the final agency order of removal. *See Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 735-36 (5th Cir. 2005); 8 U.S.C. § 1252(b)(1). Finally, even though Martinez's § 2241 petition sought a judicial declaration of citizenship under 8 U.S.C. § 1503(a), the district court lacked jurisdiction to consider the request because Martinez's status as a national arose in connection with a removal proceeding and because, when Martinez filed his instant § 2241 petition in May 2015, he had not yet exhausted the administrative proceedings stemming from his submission of an N-600 application for citizenship. *See Rios-Valenzuela v. Dep't of Homeland Sec.*, 506 F.3d 393, 396-97 & n.4 (5th Cir. 2007).

Accordingly, Martinez's motion to proceed IFP on appeal is DENIED, *see Howard*, 707 F.2d at 220, and his appeal is DISMISSED as frivolous, *see Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. We GRANT Martinez's request to file a supplement brief and DENY his request for appointment of counsel.