# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 30, 2021

Lyle W. Cayce
Clerk

No. 21-40034

Gloria Carolina Manzo-Hernandez; Victor Zepata-Jasso; Moises Amadeo Mancia-Mendoza; Mercy Rocio Duchi-Vargas; Jatzeel Antonio Cuevas-Cortes,

*Petitioners—Appellants*,

*versus*

Assistant Warden Juan Saucedo,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:20-CV-95

Before Stewart, Ho, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Petitioners-Appellants Gloria Carolina Manzo-Hernandez, Victor Zepata-Jasso, Moises Amadeo Mancia-Mendoza, Mercy Rocio Duchi-Vargas, and Jatzeel Antonio Cuevas-Cortes are undocumented immigrants

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

who were detained as material witnesses at the La Salle County Regional Detention Center in Encinal, Texas. Petitioners filed a habeas petition on behalf of themselves and a putative class of similarly-situated individuals for injunctive and declaratory relief, seeking, respectively and among other rulings, their release from custody and a declaration that they were unlawfully detained. The district court denied their motion for class certification and habeas petition. It also dismissed their request for a declaratory judgment without prejudice. Petitioners appealed. By the time they did so, however, Petitioners were no longer in custody. Accordingly, we hold that this case is moot and therefore dismiss this appeal.

## I. Facts & Procedural History

According to the operative petition, Petitioners were undocumented immigrants arrested by United States Border Patrol agents. Although Petitioners were never charged with a crime, magistrate judges of the Laredo division detained them between January 2020 and March 2020 as material witnesses so that they could testify in criminal prosecutions for human trafficking. Before they were detained, law enforcement officers submitted nearly identical affidavits for every alien. Specifically, each affidavit requested "designation and detention as [a] material witness[] under 18 U.S.C. Section 3144"[1] and that the alien be held on $25,000 bond "pending disposition" of the criminal matter in which the individual was detained to provide testimony. Petitioners were then detained without counsel after making a short "initial appearance" in which "no individual findings were made." Petitioners have not appeared in court since their initial appearance

---

[1] Section 3144 states, "If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person[.]" § 3144.

and the extended detention has "taken a substantial toll on their mental, emotional, and physical health[,]" all exacerbated by the COVID-19 pandemic.

Petitioners filed a habeas petition pursuant to 28 U.S.C. § 2241 against Omar Juarez, the warden of the La Salle County detention center. After the district court denied a temporary restraining order, Petitioners filed an amended petition, substituting Respondent-Appellee Juan Saucedo, the assistant warden of the detention center, for Juarez. Petitioners claimed that the above-mentioned process of detaining witnesses reflects a "policy or practice" of failing to comply with § 3144 and associated procedural protections outlined in 18 U.S.C. § 3142.[2] They also claimed that this policy or practice violated the Due Process Clause of the Fifth Amendment. Petitioners sought their release and an injunction against Saucedo from "detaining individuals [under § 3144] without a valid detention order[.]" They additionally requested declarations under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that (1) Saucedo had detained Petitioners in violation of § 3144 and the Constitution and (2) detentions under § 3144 must follow individualized findings. Finally, Petitioners sought to represent themselves and a class of around 156 individuals who "have experienced similar or identical treatment[.]"

Petitioners filed for class certification, which the district court denied without prejudice because "[t]he parties agreed that the [district] [c]ourt would first consider any motion to dismiss before considering the issue of class certification." Petitioners then sought reconsideration of that ruling. The district court held a hearing on the motion during which it clarified that

---

[2] As relevant here, these provisions are encompassed within the Bail Reform Act, 18 U.S.C. §§ 3141–50.

it "expect[ed] that the government would not use the timing as a bar to the motion for class certification in the future if [the parties] reach that stage based upon the ruling [the district court] made to remove" Petitioners' class-certification "motion from the docket."

Meanwhile, the Government moved to dismiss the case, which the district court construed as a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, respectively. By the date the Government filed its motion, all named petitioners except Manzo-Hernandez had been released. The district court then dismissed Petitioners' claims, declining to exercise jurisdiction over them as a matter of discretion. It then denied the motion for reconsideration as moot and issued a final judgment.

Petitioners timely appealed the district court's order dismissing their case but not its denial of class certification or motion for reconsideration. By the time they filed their notice of appeal, Manzo-Hernandez had been released.

## II. STANDARD OF REVIEW

We review the dismissal of a declaratory judgment action for abuse of discretion. *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 389 (5th Cir. 2003). The parties agree that the same standard governs Petitioners' habeas claim. However, none of the parties cite any caselaw in support of that proposition. The relevant habeas provision states, "Writs of habeas corpus *may* be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." § 2241(a) (emphasis added). Although sounding in discretion, this court has not determined the standard of review that applies to a district court's decision to forego exercising its habeas authority. Typically, "[i]n an appeal from the

denial of habeas relief, this court reviews a district court's findings of fact for clear error and issues of law de novo." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam). But we need not resolve this issue today since we hold that this case is moot.

## III. DISCUSSION

The Government asserts this action is now moot for several reasons. First, the Government argues that Petitioners' individual claims are moot because the named petitioners have been released. It additionally contends that their class claims are moot because "[t]he Laredo Division appears to have adopted new procedures in which it is holding detention hearings pursuant to the Bail Reform Act" and because Petitioners did not appeal the district court's order denying class certification. Finally, the Government adds that no mootness exception applies to either their individual or class claims. We agree that Petitioners' individual and class claims are moot and that no exception applies.

Article III of the Constitution authorizes federal courts to decide only "Cases" or "Controversies." U.S. CONST., Art. III, § 2.[3] The "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (quotation omitted). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III— 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the

---

[3] To satisfy the "Case" or "Controversy" requirement, the party invoking "the power of a federal court [must] demonstrate standing." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013). To prove standing, a plaintiff must show that she "h[as] (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt,* 455 U.S. 478, 481 (1982)). A moot claim "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Nat'l Rifle Ass'n of Am., Inc. v. McCraw*, 719 F.3d 338, 344 (5th Cir. 2013) (citation omitted). Since mootness is a jurisdictional issue, we must address it before reaching the merits of Petitioners' case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1995).

A. Individual Claims

Petitioners do not argue that their individual claims remain live but continue to seek injunctive relief for themselves, as well as on behalf of a putative class of detained witnesses.[4] Although a habeas claim may not be moot when the petitioner faces collateral consequences from his or her detention, *see Fassler v. United States*, 858 F.2d 1016, 1018 n.3 (5th Cir. 1988) (per curiam), Petitioners do not point to any such consequences that they have suffered. Moreover, although a plaintiff seeking damages may avoid mootness even if injunctive relief is no longer available to him or her, *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 286 (5th Cir. 2012), the plaintiff "must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future," when merely pursuing declaratory relief, *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). Petitioners have not demonstrated they face such circumstances. Finally, although there is an exception to the mootness doctrine for claims that are "capable of repetition,

---

[4] In fact, Petitioners simply state in a footnote within their opening brief that "[t]hough [the named petitioners] have now been released, they may press their claims for injunctive relief and continue to pursue claims on behalf of a putative class of detained witnesses." Besides citing several Supreme Court cases in support, Petitioners do not explain why their individual and class claims are not moot.

No. 21-40034

yet evading review[,]" that exception is inapplicable here because Petitioners have not "demonstrated a reasonable likelihood that [they] will once again be" detained. *Spencer v. Kemna*, 523 U.S. 1, 17–18 (1998). Hence, their individual claims are moot.

B. Class Claims

"As a general rule, 'a purported class action becomes moot when the personal claims of all named plaintiffs' have been satisfied prior to certification of a class, since, under such circumstances, there is no longer an Article III 'case or controversy' for the court to resolve." *Ward v. Hellerstedt*, 753 F. App'x 236, 241 (5th Cir. 2018) (quoting *Murray v. Fid. Nat'l Fin., Inc.*, 594 F.3d 419, 421 (5th Cir. 2010)).[5] Since, as discussed above, Petitioners' individual claims are moot, their class claims are too unless those claims "fall within an exception to the general rule[.]" *Id.* Petitioners cite to several Supreme Court cases that involve different such exceptions.

One case is *Sosna v. Iowa*, 419 U.S. 393, 402 (1975). In *Sosna*, "[t]he Court declined to find mootness where the named class action plaintiff's

---

[5] As this court has previously observed:

[I]t is well established that the 'voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot. But jurisdiction, properly acquired, may abate if [the] case becomes moot because (1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'

*Pederson v. La. State Univ.*, 213 F.3d 858, 874 (5th Cir. 2000) (quoting *Cnty. of L.A. v. Davis*, 440 U.S. 625, 631 (1979)). As noted, the named petitioners have received the relief that they sought: release from detention. This is not a situation where the petitioners remain detained, but the respondent has otherwise voluntarily adjusted the complained-of conduct causing the injury. Given this, we need not consider the Government's additional argument that a change in policy mooted the class claims.

claim becomes moot *after* the class was certified." *Fontenot v. McCraw*, 777 F.3d 741, 748 (5th Cir. 2015) (citing 419 U.S. at 402–03). "The fact that a putative class acquires an independent legal status once it is certified was . . . essential to [the Court's] decision[] in *Sosna*." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1539 (2018) (citations and internal quotation marks omitted).

Petitioners also cite *United States Parole Commission v. Geraghty*, 445 U.S. 388, 399 (1980). "The Court there held that a putative class representative can maintain an action when the suit 'would have acquired the independent legal status described in *Sosna* but for the district court's erroneous denial of class certification.'" *Fontenot*, 777 F.3d at 749 (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74–75 (2013)).

As noted, the district court denied Petitioners' class-certification motion without prejudice so it could first rule on the Government's motion to dismiss, and Petitioners did not appeal that order. Consequently, Petitioners "cannot avail themselves of *Sosna* or *Geraghty*" because "*Sosna* requires that the named plaintiff had a personal stake in the action *at the time the class was properly certified*" and "*Geraghty* extends this exception to cases where the named plaintiffs contend that class certification was *wrongly denied*" and timely appealed that ruling. *Id.* (internal citation and quotation marks omitted).

Finally, Petitioners contend this case remains live because their claims fall under the "inherently transitory" exception to mootness. Petitioners cite *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975), for support. *Gerstein* observed that the named representatives of a putative class of pretrial detainees ordinarily must show that they "were still in custody awaiting trial when the District Court certified the class." *Id.* But the Court also recognized that *Sosna* provides an exception where "[t]he length of pretrial custody cannot

No. 21-40034

be ascertained at the outset, and it may be ended at any time by release on recognizance, dismissal of the charges, or a guilty plea, as well as by acquittal or conviction after trial." *Id.* (citing *Sosna*, 419 U.S. at 402 n.11). In such circumstances, "[i]t is by no means certain that any given individual, named as plaintiff, would be in pretrial custody long enough for a district judge to certify the class." *Id. Gerstein* is distinguishable, however, because there the district court in fact certified the case as a class action. *See id.* at 107, 110 n.11. Here, the district court denied Petitioners' class-certification motion, albeit without prejudice—a decision that Petitioners, again, did not appeal.

For that reason, *Alvarez*, 558 U.S. 87, controls. There, the Supreme Court held that a party's claims cannot avoid mootness when the party fails to appeal the denial of class certification, even when that denial was not on the merits:

> The plaintiffs point out that they sought certification of a class. And a class might well contain members who continue to dispute ownership of seized property. But that fact is beside the point. The District Court denied the plaintiffs' class certification motion. The plaintiffs did not appeal that denial. Hence the only disputes relevant here are those between these six plaintiffs and the State's Attorney; those disputes concerned cars and cash; and those disputes are now over.

*Id.* at 92–93. Petitioners do not cite any authority that undermines *Alvarez*. Instead, Petitioners argue *Alvarez* is inapposite because the district court here never issued a substantive ruling on their class-certification motion. The upshot, according to Petitioners, is that their "motion for class certification remains pending before the district court." Petitioners add that, when deciding not to appeal the district court's order denying the motion without prejudice, they "relied on the district court's characterization and assurances" that the named petitioners "retained an interest in asserting the same class claims notwithstanding release or putative changes in policy."

No. 21-40034

Notwithstanding Petitioners' contrary framing, the record shows that the district court denied Petitioners' class-certification motion with the understanding that Petitioners could renew the motion only if their individual claims survived dismissal. Petitioners moved for reconsideration, but the district denied that motion, dismissed Petitioners' claims, and issued a final judgment. Thus, no motions are pending below. And because Petitioners did not appeal either order related to their class-certification motion, "the only disputes relevant here are those between" the named Petitioners and the Government, "and those disputes are now over." *Id.* at 92–93; *see also* 28 U.S.C. § 1292(e); FED. R. CIV. P. 23(f). We thus conclude this appeal is moot.

## IV. CONCLUSION

For the foregoing reasons, we DISMISS this appeal as moot.