# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2022

Lyle W. Cayce
Clerk

No. 20-20647
Summary Calendar

Julia Gottselig Poff,

*Petitioner—Appellant*,

*versus*

Warden Warren Smith,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-4450

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Julia Gottselig Poff, federal prisoner # 30385-479, appeals the district court's dismissal of her 28 U.S.C. § 2241 habeas petition without prejudice on the ground that it was moot. We review the dismissal of a § 2241 petition on the pleadings de novo. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20647

To the extent that Poff's § 2241 petition challenged her continued pretrial detention and dismissal of the indictment based on her speedy trial claims or to prevent further prosecution, the district court did not err in dismissing the petition after Poff entered an unconditional plea of guilty, notwithstanding Poff's arguments to the contrary. *See Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993); *Fassler v. United States*, 858 F.2d 1016, 1018 & n.3 (5th Cir. 1988); *see also United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992) (holding that unconditional guilty plea waived appeal of speedy trial claims).

Poff asserts that her § 2241 petition was not mooted by her guilty plea because she preserved her right to challenge her conviction based on constitutional and statutory violations of her right to a speedy trial by raising them in her § 2241 petition prior to pleading guilty and because her guilty plea was unknowing and involuntary and her conviction is constitutionally infirm. As noted, Poff pleaded guilty unconditionally, however. *See Bell*, 966 F.2d at 915. Her challenges to her guilty plea must first be asserted in a motion under 28 U.S.C. § 2255 because her conviction and sentence have been affirmed. *See Fassler*, 858 F.2d at 1019. We discern no merit in Poff's claims that the district court erred by allowing the Government to file a late response to her petition, delaying disposition of her petition, and denying her an evidentiary hearing.

Finally, we do not consider Poff's arguments that the filing of her § 2241 petition was the equivalent of an interlocutory appeal and divested the district court judge presiding over her criminal proceedings of jurisdiction to accept her guilty plea because they were raised for the first time in her reply brief. *See United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005).

No. 20-20647

Accordingly, the judgment of the district court is AFFIRMED. Poff's motion for immediate release is DENIED, and her motion for expedited appeal is DENIED as moot.