# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-40569
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2025

Lyle W. Cayce
Clerk

Olamide Olatayo Bello,

*Petitioner—Appellant*,

*versus*

United States of America,

*Respondent—Appellee*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:24-CV-549

———————————————————

Before Smith, Graves, and Engelhardt, *Circuit Judges*.

Per Curiam:*

While in pretrial detention on charges of conspiracy to commit wire fraud and conspiracy to commit money laundering, Olamide Olatayo Bello filed a petition under 28 U.S.C. § 2241 alleging violations of his Fifth Amendment and due process rights and seeking, as a remedy, severance from his codefendants, dismissal of the indictment, recission of the order revoking

———————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

his pretrial release, and immediate release from custody. The district court dismissed the petition upon determining that § 2241 is not an appropriate vehicle for vindicating Bello's complaints. *See Jones v. Perkins*, 245 U.S. 390, 391 (1918); *Fassler v. United States*, 858 F.2d 1016, 1017-18 (5th Cir. 1988). The district court also denied Bello leave to proceed in forma pauperis (IFP) on appeal, certifying that Bello's appeal is not taken in good faith.

In connection with his appeal of that ruling, Bello moves this court for leave to proceed IFP. He also moves for an expedited appeal; to dismiss the indictment for lack of subject matter jurisdiction; and for an injunction pending appeal and immediate release from custody. By moving in this court to proceed IFP, Bello challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into Bello's good faith "does not require that probable success be shown" but "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Because Bello has been convicted by a jury since filing this appeal, his appeal of the dismissal of his pretrial § 2241 petition is moot. *See Fassler*, 858 F.2d at 1017-18; *Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir. 1993); *see generally Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987); *United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016) (en banc). Insofar as Bello seeks release from his pretrial detention, we cannot grant him any effectual relief because he is no longer in pretrial detention. *See Heredia-Holguin*, 823 F.3d at 340. To the extent that Bello seeks to challenge the trial court's rulings on other pretrial matters, § 2241 is not the proper vehicle for those claims. *See Fassler*, 858 F.2d at 1017-19.

No. 24-40569

Bello's appeal is moot and does not raise any legal points arguable on their merits and is therefore frivolous. *See Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2. The motion to proceed IFP is accordingly DENIED, and Bello's appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24 (citing 5TH CIR. R. 42.2.). All remaining motions are likewise DENIED.